McKinney, J.,
delivered the opinion of the Court.
*554 This was an action of ejectment to recover a tract ■of land in Perry county, supposed to have escheated, 'by reason of the want of heirs, on the part of the person last seized, capable of inheriting. Verdict and judgment were for the plaintiff, and the defendant brought the case to this court.
The evidence, as presented in the record before us, fails to make out a case entitling the plaintiff to a recovery. It appears that the land was conveyed to D’Entraigne and wife, jointly, on the 13th of October, 1852. The proof shows that D’Entraigne, the husband, died in 1853, and his wife in 1854; “ and that they were foreignerswhether or not they left issue, is not stated in the bill of exceptions. Neither is it shown, whether or not they left any relations within the United States entitled, by law, to succeed to said land under the provisions of the act of 1848, ch. 165, sec. 4; or, 1852, ch. 128, sec. 2.
For this omission in the proof, the verdict cannot be maintained. On the return of the case to the Circuit Court, the first count of the declaration will be struck out. It is repugnant and absurd, to lay a demise in the names of persons as heirs of the person last seized, when the action is brought upon the assumption that the land escheated for want of such heirs.
From the fact proved, that the parties were “ foreigners,” the legal presumption in the absence of all evidence would perhaps be, that they were unnaturalized. But from the mere fact that D’Entraigne and wife were unnaturalized foreigners, it cannot be presumed that they died without issue, or without any relative entitled, by *555 the provisions of the before recited acts, to succeed to said land.
Eor this failure in the ’proof, the judgment must be reversed, and the case remanded for a new trial.